## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CYNTHIA LANE, et al., | ) | |
| individually and on behalf of | ) | |
| all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. [_____] |
| | ) | |
| v. | ) | |
| | ) | |
| LABETTE HEALTH FOUNDATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Labette County Medical Center d/b/a Labette Health ("Labette") hereby removes the civil action entitled *Cynthia Lane, et al. v. Labette Health Foundation, Inc.* (the "Removed Case"), from the District Court of Labette County, Kansas, where it is now pending, to the United States District Court for the District of Kansas.  In support of removal, Labette states the following[1]:

---

[1]    By filing this Notice of Removal, Labette does not waive, and expressly reserves, its right to object to service of process, the sufficiency of process, personal jurisdiction, or venue, and also specifically reserves its right to assert any defenses and/or objections to which it may be entitled.  Labette also expressly reserves all rights to challenge the Complaint (including the relief sought therein), or any later amended complaints, on the merits, on jurisdictional, or any other appropriate grounds, including that no class should be certified in this action.  The facts set forth in this Notice are based on the allegations of the Complaint and Labette's good faith allegations and are solely for removal purposes.  Labette's reliance on the facts alleged and relief sought in the Complaint for removal purposes in no way suggests that Labette agrees with those facts or concedes to any of the relief sought.

## I. PREFARATORY NOTICE OF INCORRECT PARTY

Labette is named in the Complaint as "Labette Health Foundation Inc." This is incorrect. Labette Health Foundation Inc. is a separate entity and is not owned, and does not own, Labette. Instead, Labette is county hospital organized under the laws of the state of Kansas, which owns and operates the hospital at issue in Plaintiff's Complaint. Nonetheless, Labette will respond to the Complaint as if it is the appropriately named Defendant. In doing so, Labette does not waive and does not intend to waive any defenses relating to the incorrectly named party or the fact that it has been incorrectly named, and does not contend that it and the incorrectly named party are one in the same, as they are separate entities.

## II. PROCEDURAL POSTURE

1.  Plaintiffs Cynthia Lane ("Lane"), and D.H. (collectively, "Plaintiffs") commenced the Removed Case in Kansas State Court, venued in the Eleventh Judicial District, Labette County, on April 26, 2022 (the "State Court Action").

2.  Plaintiffs served a copy of the Complaint and Summons on September 8, 2022.

3.  In their Complaint, Plaintiffs assert causes of action for negligence, breach of implied contract, unjust enrichment, invasion of privacy, breach of fiduciary duty, and "outrageous conduct" based on an alleged cyber-attack on Labette's network.

## III. PROCEDURAL REQUIREMENTS FOR REMOVAL

4.  This action is properly removed to this Court because the State Court Action is pending within this district and division.  28 U.S.C. §§ 103(3), 1441(a), 1446(a).

5.  This removal is timely because it is being filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).

6.   Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit A** are true and correct copies of all process, pleadings, and orders served on Labette in the State Court Action.

7.   Pursuant to 28 U.S.C. § 1446(d), with the filing of this Notice of Removal, Labette is simultaneously (a) serving Plaintiffs with a copy of this Notice of Removal, and (b) filing a copy of the Notice of Removal in the Kansas District Court, Eleventh Judicial District, Labette County.  A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[2]

## IV. CLASS ACTION FAIRNESS ACT

8.   The Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which "confer[s] federal jurisdiction over class actions involving at least 100 members and over $5 million in controversy when minimal diversity (between any defendant and any plaintiff class member) is met." *Prime Care of Ne. Kan., LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1285 (10th Cir. 2006).

## A.       The Putative Class

9.   This action is a class action within the meaning of the CAFA because Plaintiffs seek certification of a putative class pursuant to K.S.A 60-223, a "rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action," as defined by 28 U.S.C. §1332(d)(1).

10. The CAFA numerosity requirement is also satisfied because Plaintiff alleges that there are "hundreds, if not thousands" of individuals in the class.  Compl. at ¶ 142.

---

[2] Labette has not included Exhibit 1 to the state court removal notice because Exhibit 1 is a copy of this Notice of Removal.

OP 3333144.3

**B.     Minimal Diversity**

11. Labette is a county hospital organized under the laws of the state of Kansas.  Labette has its principal place of business in Labette County, Kansas.  Consequently, for diversity purposes, Labette is a citizen of Kansas.

12. Plaintiffs propose that the following persons be included in the class: "All persons whose Private Information was compromised in the Data Breach and were sent a notice of the Data Breach from Defendant." Compl. at ¶ 141

13. This definition is not limited by residency or citizenship, and, over the course of its many years of operation, Labette has treated countless individuals from throughout the nation. *See id.*

14. Accordingly, at least one member of the putative class is a citizen of a State different from Kansas or a citizen or subject of a foreign state.

15. Because Labette is a Kansas citizen and at least one member of the putative class is a citizen of a State different than Kansas, or is a citizen or subject of a foreign state, minimal diversity exists among the parties under the CAFA. *See* 28 U.S.C. § 1332(d)(2)(A)-(B).

**C.     Amount in Controversy**

16. The amount in controversy requirement is also satisfied.  "[A] defendant seeking to remove under CAFA must show that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence." *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246 (10th Cir. 2012).

17. The amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of all members of the putative class. 28 U.S.C. § 1332(d)(6).

18. This standard "require[s] a party seeking federal jurisdiction to show only and much more modestly that a fact finder *might legally conclude* that damages exceed the statutory

amount." *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 912 (10th Cir. 2016) (internal quotation marks omitted) (emphasis added).

19. "As for how to show that amount, the plaintiff's complaint may of course provide the basis for the amount in controversy if it demands monetary relief of a stated sum. But, as in this case, [w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Heather v. Air Methods Corp.*, No. CIV-16-843-R, 2016 WL 7109675, at *1 (W.D. Okla. Dec. 6, 2016) (internal citations and quotation marks omitted).

20. Assuming the truth of Plaintiffs' allegations for purposes of this removal only (while reserving Labette's right to dispute them in future proceedings), and aggregating the alleged damages for all putative class members, the relief sought by the Complaint exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (for purposes of determining jurisdiction under CAFA, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

21. For their part, Plaintiffs claim that the class suffered a wide range of damages, including but not limited to "diminution in the value of their Private Information," "violation of their privacy rights," "present, imminent, and impending injury," "a substantial increase in suspicious and 'spam' telephone calls and emails," "considerable time and money on an ongoing basis to try to mitigate and address harms caused by the Data Breach . . . and fraud for years to come," "out-of-pocket fraud losses such as loans opened in their names, medical fraud, insurance fraud, tax return fraud, utility bills opening in their names, and similar identity theft," "out-of-pocket costs for protective measures such as credit monitoring fees . . . credit report fees, credit freeze fees, and similar costs," "a loss of value of their Private Information," and "benefit-of-the-bargain

OP 3333144.3

damages[, as] Plaintiffs and Class Members overpaid for a service that was intended to be accompanies by adequate data security but was not." Compl. at ¶¶ 128-131, 133-135.

22. Plaintiffs do not provide an estimate for each of these categories of damage, but do allege that stolen PHI can be worth up to $363.00 per single record. Compl. at ¶ 111.

23. Plaintiffs also allege that some of the named class members spent "five to six hours" to track their information and resolve banking problems. Compl. at ¶ 126.

24. Again, Plaintiffs do not quantify the value of this time and monitoring effort, but in a similar data breach case, a defendant offered reimbursement at market rate of $25.00 per hour for dealing with the consequences of a data breach.[3]

25. Plaintiffs also allege that the Class Members' individual data pieces were being sold for $50 and up on the dark web. Compl. at ¶ 117.

26. Plaintiffs also seek damages relating to "out-of-pocket costs for protective measures such as credit monitoring fees." *See* Compl. at ¶ 133. In a similar data breach class action, the Defendant spent approximately $20,000 per plaintiff on reimbursements for such services.[4]

27. Per the Complaint's estimate that there are "thousands" of members of the class, each of whom allegedly spent 5 to 6 hours dealing with the data breach and suffered a loss of financial benefit, this amounts to approximately $363,000 in value of stolen records (assuming a class size of a thousand members and that each member had only one such record), up to $20,000,000 for time spent monitoring and out-of-pocket expenses (assuming a cap of $20,000 for out-of-pocket expenses and a class size of 1,000), and $137,500 for time spent monitoring credit (assuming a class size of a thousand members and 5.5 hours spent on monitoring information). This amounts

---

[3] *Equifax Data Breach Settlement: What You Should Know*, Federal Trade Commission, https://consumer.ftc.gov/consumer-alerts/2019/07/equifax-data-breach-settlement-what-you-should-know (last visited Apr. 12, 2022).

[4] *Id.*

6

to $20,500,500 in alleged damages, and does not include the lost benefit of the bargain damages, the expenses for stolen identity and fraudulently opened lines of credit, the cost of invasion of privacy, exemplary damages, punitive damages, statutory damages, attorney's fees, and court costs, for each of which Plaintiffs do not specify a damages figure.

28. Accordingly, although Labette vigorously disputes Plaintiffs' allegations and entitlement to relief, assuming for the purposes of removal only that Plaintiffs' allegations are true and the Court or a fact-finder finds they are entitled to recover for all the aforementioned alleged categories of damages, the individual damages alleged in their Complaint would substantially exceed the statutory threshold.

## V.  DESIGNATION OF PLACE OF TRIAL

Labette designates Kansas City, Kansas, as the place of trial.

WHEREFORE, notice is hereby given that this action is removed from the District Court of Labette County, Kansas, to the United States District Court for the District of Kansas.

Dated:  September 29, 2022                    SPENCER FANE LLP

By: *s/ Mark A. Cole*
    Mark A. Cole, #25349
    Kyle A. Klucas, #29151
    6201 College Blvd., Suite 500
    Overland Park, KS 66211
    Telephone: 913.327.5108
    mcole@spencerfane.com
    kklucas@spencerfane.com

*Attorneys for Defendant Labette Health*

OP 3333144.3