IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CYNTHIA LANE AND D.H., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

LABETTE HEALTH FOUNDATION, INC.,

Defendant.

Case No. 22-2392-JAR-KGG

## ORDER

Plaintiffs Cynthia Lane and D.H. bring this putative class action against Defendant Labette Health Foundation, Inc., alleging state-law claims arising out of a data breach involving patient information. Defendant removed this action on September 29, 2022, under the Class Action Fairness Act.[1] On October 20, 2022, Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and (6).[2] The Court granted Plaintiffs three generous extensions of time to respond to the motion to dismiss.[3] Although Plaintiffs' response was due on February 3, 2023, they did not file a response by that deadline. More than two weeks after this deadline passed, the Court issued an Order granting the motion to dismiss under D. Kan. Rule 7.1(c), which provides that if a response is not filed by the deadline, "the court will consider and decide the motion as an

---

[1] Doc. 1 ¶ 8.
[2] Doc. 11.
[3] Docs. 15, 17, 19.

uncontested motion. Ordinarily, the court will grant the motion without further notice."[4] The Clerk then entered judgment in favor of Defendant.[5]

Before the Court is Plaintiffs' Motion to Reconsider Order of Dismissal and Motion for Leave to File First Amended Complaint (Doc. 22). In this motion, Plaintiffs advise the Court that Defendant agreed to allow Plaintiff to file a First Amended Complaint that would cure the issues presented by Defendant's motion to dismiss. Plaintiffs' motion inexplicably fails to address why the parties failed to inform the Court of this result before Plaintiffs' response deadline had passed, and before the Court considered the motion under advisement. Plaintiffs also fail to explain why they did not seek appropriate relief if they could not meet their response deadline, like they did the three previous times they sought extension of that deadline.

Despite the fact that this motion appears uncontested, the Court must deny it without prejudice. Plaintiffs wholly fail to follow or cite to the applicable rules for achieving the results they wish to obtain—vacating the judgment in this case and filing an amended pleading.[6] Plaintiffs also fail to follow the local rule governing motions for leave to amend, which requires attachment of both a proposed amended pleading and a redlined copy of the amended pleading.[7]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Reconsider Order of Dismissal and Motion for Leave to File First Amended Complaint (Doc. 22) is denied without prejudice to refiling.

**IT IS SO ORDERED.**

---

[4] Doc. 20.

[5] Doc. 21.

[6] *See* D. Kan. R. 7.1, 7.3; Fed. R. Civ. P. 59(e), 60.

[7] D. Kan. R. 15.1.

Dated: March 9, 2023

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE